## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERMELLE BYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 20-cv-3107-HLT-TJJ |
| | ) |
| LOGAN SMITH, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 5).

The Court has considered Plaintiff's motion for appointment of counsel. Plaintiff does not indicate he has attempted to obtain counsel. Instead he asserts counsel would assist him in presenting his case and suggests he has a constitutional right to appointed counsel. Plaintiff is mistaken – there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is **denied without prejudice.**

**IT IS SO ORDERED**.

Dated this 27th day of May, 2020, in Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge