### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERMELLE BYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 20-cv-3107-HLT-TJJ |
| | ) |
| LOGAN SMITH, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 19).[1]

This is Plaintiff's second motion for appointment of counsel.[2] The Court considered the first motion, noting there is no constitutional right to appointment of counsel in a civil case[3] and the decision whether to appoint counsel in a civil case is a matter of discretion.[4]

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[5] In its ruling on the first motion, the Court

---

[1] Plaintiff mailed separate letters to District Judge Teeter and Magistrate Judge James, both of which address his request for appointment of counsel. The Court construes the submission to Judge Teeter as a motion (ECF No. 19), and the submission to Judge James as suggestions in support of the motion (ECF No. 20). Judge Teeter referred the motion to Judge James for a ruling.

[2] *See* ECF No. 5.

[3] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[4] *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

concluded (1) it is not clear that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denied the motion without prejudice to refiling at a later stage of the proceedings.[6] At the time, service on Defendant had only recently been initiated, and the Court did not know whether Defendant would respond to Plaintiff's Complaint by filing an answer or a motion to dismiss.

Defendant Logan Smith has now filed a motion to dismiss Plaintiff's Complaint.[7] Because Plaintiff has not yet responded and the motion is not ripe for ruling, it is unclear whether Plaintiff's Complaint will survive summary dismissal. Plaintiff may renew this motion if his Complaint survives summary dismissal. In other words, if District Judge Teeter denies the pending motion to dismiss in whole or in part, Magistrate Judge James would once again consider Plaintiff's request for appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 19) is denied without prejudice**.**

**IT IS SO ORDERED**.

Dated this 19th day of August, 2020, in Kansas City, Kansas**.**

_____
Teresa J. James
U. S. Magistrate Judge

---

[6] ECF No. 10.

[7] ECF No. 18.