IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERMELLE BYERS,

    Plaintiff,

    v.

LOGAN SMITH,

    Defendant.

Case No. 5:20-cv-03107-HLT

**ORDER**

Plaintiff Jermelle Byers brings this 42 U.S.C. § 1983 action pro se[1] and alleges that Kansas City Police Officer Logan Smith violated his Fourth Amendment, Eighth Amendment, and Fourteenth Amendment rights. Doc. 3. The entirety of the factual allegations in his form complaint are that Smith led a line of officers into a store behind a ballistic shield. Byers was in the store and told the officers to check on a woman lying on the floor. An officer hollered that Byers had a gun. And, without warning or verification, Smith shot Byers in the left side and backed out of the store.

Smith moves to dismiss all claims based on qualified immunity. Doc. 18.[2] Qualified immunity protects government officials from civil liability when the official's conduct "does not

---

[1] The Court is mindful of Byers's pro se status and liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not take on the role of advocate. *Id.*

[2] Byers failed to timely respond to the motion to dismiss, so the Court issued a show cause order ("SCO") requiring him to (1) explain why he failed to respond, and (2) file his response to the motion. Doc. 23. Byers responded to the SCO, explained the difficulties of responding while incarcerated, and submitted his opposition. The Court determined he had fully responded, and Smith replied. While the motion was under advisement, Byers filed a motion for extension of time, which injects confusion. To the extent he seeks additional time to respond to the SCO, the Court already determined he had responded, so the request is moot. To the extent he seeks additional time to respond to the motion to dismiss, the Court determined that he had responded. If he did not intend for Doc. 23 to include his response, then he failed to comply with the Court's SCO, which is problematic and does not warrant additional relief. Regardless, the Court will not grant him a further extension. First, he filed this action and should be prepared to litigate it. The circumstances he identifies are unlikely to resolve soon, and Smith has a right to assert immunity defenses and receive a timely ruling. The dismissal is without prejudice. Second, the Court already tacitly granted him an extension to file his opposition. Third, he contends he wants to revert to his original complaint, which is not compliant with the local rules and, regardless, as discussed below, does not save his claims.

violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). Once a defendant asserts the qualified-immunity defense in a motion to dismiss, the plaintiff must show that: (1) the plaintiff has alleged a plausible violation of a constitutional right, and (2) the constitutional right was clearly established in that context at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Smith contends that Byers does not make either showing. The Court agrees.

**First,** Smith argues that Byers does not allege a plausible violation of a constitutional right. To determine whether Byers has alleged a plausible violation of a constitutional right, the Court considers Rule 8's minimal pleading standard. Under this rule, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Based on this pleading standard, the Supreme Court has explained that a plaintiff must "plead facts sufficient to show that [the plaintiff's] claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). This means that the plaintiff's factual allegations must raise the right to relief above the "speculative level" and state a claim that is "plausible" on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plausibility standard does not require a showing that success is probable, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also Smith v. United States*, 561 F.3d 1090, 1103-04 (10th Cir. 2009) (explaining that a plaintiff fails to nudge his allegations from conceivable to plausible when the allegations cover a "wide swath of conduct, much of it innocent").

Applying this standard, Byers does not allege a plausible Eighth Amendment claim because he does not allege that he was a prisoner at the time of the challenged conduct. *See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2015) (outlining when different constitutional amendments apply).

And he does not allege a Fourteenth Amendment substantive due process claim because the Fourth Amendment provides a more explicit and textual source of constitutional protection. *Id.* at 1325-26. So the Court finds that qualified immunity shields Smith from these two claims and focuses on Byers's remaining Fourth Amendment excessive-force claim.[3]

To state a Fourth Amendment excessive-force claim, Byers must allege facts that plausibly show that Smith's use of force was objectively unreasonable given the facts and circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The use of deadly force is not unlawful if a reasonable officer would have probable cause to believe that there was a threat of serious physical harm to himself or others. *Id.* at 396-97. To determine whether Byers satisfies this standard, the Court is limited to the well pleaded facts in the operative complaint and reasonable inferences from those facts. *Iqbal*, 556 U.S. at 678. Even though he proceeds pro se, the Court may not add facts to round out his claims. *Smith*, 561 F.3d at 1096.

In this case, Byers fails to allege a plausible (as opposed to a possible) Fourth Amendment claim. The very limited facts are that Smith entered a store behind a ballistic shield with a line of officers following him, there was a woman on the ground who Byers told the officers to check on, another officer hollered that Byers had a gun, and Smith fired without verifying the claim or giving a warning. Byers concedes that he had an object in his hands but, in his response, contends it was a cell phone.

Based on these extremely limited factual allegations, it is possible that Smith and the other officers were never summoned to the store and had no reason to think that Byers posed a threat.

---

[3] Byers's complaint also identifies Articles 4, 5, and 6 of the Universal Declaration of Human Rights. He provides no facts or arguments supporting these claims, and it is unclear if he is attempting to assert a claim based on these articles. To the extent necessary, the Court dismisses these claims without prejudice because he provides no facts to support them and it seems these articles do not create a basis for a § 1983 claim. *See Dartez v. Peters*, 2017 WL 2774670, at *6 (D. Kan. 2017) (finding that the Universal Declaration of Human Rights does not provide a basis for § 1983 claims).

But it is equally possible that Smith and the other officers were summoned to the store to investigate a violent crime involving a firearm for which Byers was a suspect. On the alleged facts, both situations are possible; but neither is plausible. And that is the problem with Byers's claims. He might be able to allege a plausible violation of a constitutional right. But he has not. And allowing a plaintiff to allege a paucity of facts and then survive a qualified-immunity challenge because of a lack of facts turns the defense on its head and subjects a government official to the very harms the defense is intended to protect against. *See Pearson*, 555 U.S. at 231 (explaining that the defense "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably"); *Jackson*, 958 F.2d at 620 (reversing denial of qualified immunity for excessive force claim and noting that allowing broadly worded complaints to survive "eviscerates important functions and protections of official immunity").

Even the additional information in Byers's response and initial complaint do not nudge his Fourth Amendment claim over the hurdle.[4] For this reason, the Court finds that Byers has not met his burden of alleging a plausible violation of a constitutional right and, therefore, qualified immunity shields Smith from the Fourth Amendment claim. *Id.*

---

[4] The Court focuses on the allegations in the operative complaint. *See* Doc. 3. But Byers references facts in his original complaint in his response and motion for extension of time. *See* Docs. 24, 1. These facts are not properly before the Court but, even if the Court considers them, Byers's claims still do not survive qualified immunity. He still does not allege a plausible violation of a constitutional right. *See* Doc. 1 (alleging that officers were dispatched after receiving a call from an unknown woman, that Byers had two phones in his hands and was sitting on a stool in the store, that officers shot Byers with no knowledge of who he was, that he was talking on the phone to his father, that another officer said that Byers had a gun and aimed it at the officers, that the other officers said they saw the gun malfunction, and that the officers assumed the phone was a gun because he is a Black male). And, as discussed *infra*, even if the additional facts allege a plausible violation of a constitutional right, Byers does not identify case law showing the right was clearly established at the time of the violation.

**Second,** even assuming Byers has alleged a plausible violation of his Fourth Amendment rights, the Court finds that he has not shown that the right was clearly established at the time of the violation. *Id.* To show that a right is clearly established, a plaintiff must identify a United States Supreme Court opinion, a controlling circuit court opinion, or a "robust consensus of cases of persuasive authority" holding that an officer acting under similar circumstances violated the constitutional right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42 (2011) (internal quotation omitted). A plaintiff cannot satisfy this burden by identifying case law outlining general constitutional precepts of Fourth Amendment law; rather, the plaintiff must identify case law addressing the context confronted by the defendant. *Id.* at 742; *see also White*, 137 S. Ct. at 552 (reiterating that the plaintiff must "identify a case where an officer acting under similar circumstances [as the defendant] was held to have violated the Fourth Amendment" (internal quotation omitted)). And this specificity of context is "especially important" in Fourth Amendment cases because it is "sometimes difficult" for an officer to determine how the relevant doctrine applies to the factual situation he is confronting. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

Byers does not make this showing because he does not identify case law clearly establishing that an officer uses excessive force when he fires his weapon at a person under the facts alleged in the operative complaint. He identifies: *Dorato v. Smith*, 108 F. Supp. 3d 1064 (D.N.M. 2015); *Young v. Prince George's County.*, 355 F.3d 751 (4th Cir. 2004); and *Arizona v. Youngblood*, 488 U.S. 51 (1988). *Dorato* is a non-controlling district court cases that is factually distinguishable. *Young* is a Fourth Circuit case involving a traffic violation that, again, is not controlling and factually distinguishable. And *Youngblood*, while controlling, discusses a denial of due process and is factually distinguishable. None of these cases clearly establishes a constitutional violation in the context of this case or puts the constitutional question at issue

5

"beyond debate." *al-Kidd*, 563 U.S. at 741; *see also Mullenix*, 577 U.S. at 11 ("A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." (internal quotation omitted)). Thus, for this additional and alternative reason, the Court finds that qualified immunity shields Smith, grants the motion to dismiss, and dismisses the claims without prejudice.[5]

THE COURT THEREFORE ORDERS that Smith's Motion to Dismiss (Doc. 18) is GRANTED. The Court dismisses the claims without prejudice. This case is closed.

THE COURT FURTHER ORDERS that Byers's Motion for Extension of Time as to Order to Show Cause (Doc. 27) is DENIED.

IT IS SO ORDERED.

Dated: October 15, 2020                  /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE

---

[5] Byers's Eighth Amendment and Fourteenth Amendment claims also do not survive this prong of the qualified-immunity analysis.